UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 26-169-KD |
| | ) | |
| EDWARD LEE FRITH, | ) | |
| Defendant. | ) | |

MOTION TO DISMISS SUPERSEDING INDICTMENT

The defendant moves the court to dismiss the superseding indictment (doc. 26) because it violates the Defendant's First Amendment right to free speech and fails to state an offense under Rule 12(b)(B)(v) *Fed. R. Crim. P.* As grounds the defendant would show:

1. The superseding indictment was returned October 28, 2026. The Defendant will plead not guilty at arraignment on November 10, 2026. It alleges Frith violated 18 U.S.C. §875(c) on or about September 20, 2026 Mr. by knowingly transmitting in interstate commerce "verbal statements via Epic Games, [which] communication contained a threat to injure the person of another, including police officers and members of the Federal Bureau of Investigation and law enforcement." (*Id.*)

2. The superseding indictment alleges Frith made three threatening statements:

• "Yeah, I'm pretty sure that if I did get if I did get arrested for something like that, I'd fucking I'd probably end up killing the cop killing a cop, and then I'd kill Myself"

• "Let's see if the FBI is going to show up at my door because I'll shoot them motherfuckers too"

• "so one day I'm going to turn into that person just like the people you see on the fucking videos on YouTube where they fucking run up to the police officer and they have no reason to at all and then they make the police kill them I'm gonna be that guy" (doc. 26)

3. Rule 7(c)(1). *Fed. R. Crim. P.* requires that an "indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense." In the ordinary case "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87 (1974)(internal citation omitted)

4. The superseding indictment gives no information about the circumstances under which the alleged statements were made other than that they were transmitted on September 20, 2026 "via Epic Games." The indictment simply parrots the language of 18 U.S.C. §875(c), asserting only that the statements were "threats." Consequently the indictment reaches language protected by the First Amendment's freedom of speech clause. Fifty years of case law make clear that only "true threats" fall outside First Amendment protection. "The [word] 'true' in

that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will follow …" *Watts v. United States*, 394 U. S. 705, 708 (1969) "True threats" are a narrow subset of threats, those which convey "serious expression[s]" that a speaker means to "commit an act of unlawful violence." *Counterman v. Colorado*, 600 US 66, 74 (2023); *Virginia v. Black*, 538 U. S. 343, 359 (2003) citing *Watts*, 394 U.S. at 708.

The indictment does not allege Frith made "true threats" an essential element of an 18 U.S.C. §875(c), and it should therefore be dismissed. "An indictment must set forth each element of the crime that it charges." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) A threat is not a §875(c) element – a true threat is. Frith submits that because of First Amendment concerns an indictment purporting to charge an 18 U.S.C. §875(c) violation must set out the context - the factual circumstances - which bring a charged statement within the subset of unprotected "true threats."

5. The defendant in *Watts* was convicted of violating 18 U.S.C. §871(a), knowingly threatening President Johnson, when he said at a public forum on police brutality that:

> "They always holler at us to get an education. And now I have already received my draft classification as 1—A and I have got to report for my physical this Monday coming. I am not going. If they ever make me carry a rifle the first man I want to get in my sights is L.B.J. They are not going to make me kill my black brothers." *Watts*, 394 U. S. at 705

Both Watts and the listeners laughed after the statement was made. *Id.* at 707

The Court held the statute, intended to protect the president's safety, was constitutional on its face, but that a "statute such as this one, which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind." *Id.* at 707. The court reversed Watts' conviction and remanded for entry of a judgment of acquittal because Watts' only offense was "a kind of very crude offensive method of stating a political opposition to the President. Taken in context, and regarding the expressly conditional nature of the statement and the reaction of the listeners, we do not see how it could be interpreted otherwise." *Id.*

6. The Frith superseding indictment does not give the context within which the alleged statements were made. Each of the statements it attributes to him are vague, hypothetical, conditional and preposterous,[1] and none convey a "real possibility that violence will follow." Statement one[2] - "I'm pretty sure" [not definitive] "that if I did [conditional]" "get arrested for something like that [vague, by whom, for something like] "I'd probably [conditional, hypothetical] "end up

[1] FBI agent Bryan Engle testified at the detention hearing that the statements were made over a five minute period while Frith was playing Fortnite a popular Epic Games fantasy on-line survival game in which multiple players communicate with each other and use weapons to fight off zombie-like creatures and defend objects with traps and fortifications they can build.

[2] 1. "Yeah, I'm pretty sure that if I did get if I did get arrested for something like that, I'd fucking I'd probably end up killing the cop killing a cop, and then I'd kill Myself." (doc. 26)

killing the cop killing a cop" [speculative, hypothetical]. Statement two[3] - "Lets see if the FBI is going to show up at my door" [conditional, hypothetical].

Statement three is not only vague, conditional and hypothetical,[4] it is not an 18 U.S.C. §875(c) threat at all. It says: "so one day I'm going to turn into that person [predictive, conditional, hypothetical] just like the people you see on the fucking videos on YouTube where they fucking run up to the police officer [predictive, hypothetical] and they have no reason to at all and then they make the police kill them I'm gonna be that guy" [who runs up and gets killed]. Statement three is not an 18 U.S.C. §875(c) threat "to injure the *person of another.*" The defendant *speaker* is who gets killed under this hypothetical.[5]

7. Because the superseding indictment does not allege the circumstances under which the statements were made, it is not possible to determine whether the alleged statements are true threats. A defendant may move to dismiss the indictment for "failure to state an offense" if "the motion can be determined without a trial on the merits." Rule 12(b)(3)(B)(v) *Fed. R. Crim. P.* "In ruling on a

---

[3] "Let's see if the FBI is going to show up at my door because I'll shoot them motherfuckers too" (doc. 26)

[4] "so one day I'm going to turn into that person just like the people you see on the fucking videos on YouTube where they fucking run up to the police officer and they have no reason to at all and then they make the police kill them I'm gonna be that guy" (doc. 26)

[5] 18 U.S.C. §875(c) provides that "(c) Whoever transmits in interstate or foreign commerce any communication containing any threat to kidnap any person or *any threat to injure the person of another*, shall be [punished]" (emphasis supplied)

motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006); *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007) (while "indictment parroting the language of a federal criminal statute is often sufficient, there are crimes that must be charged with greater specificity.") Frith submits that the First Amendment demands that an indictment purporting to charge an 18 U.S.C. §875(c) violation allege facts showing the defendant made a "true threat" to injure another person.

The superseding indictment's generic language does not allege a "true threat" and the indictment should be dismissed.

/s/ Arthur J. Madden, III
Arthur J. Madden, III
MADDA0656
Attorney for Defendant
465 Dauphin Street
Mobile, Alabama 36602
(251) 432-0380

CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to AUSA Lauren Walsh.

/s/ Arthur J. Madden, III