**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIM. NO. 26-00169-KD** |
| | ) | |
| **EDWARD LEE FRITH** | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT**

Comes now the United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, and submits this response in opposition to Edward Lee Frith's ("Frith's") motion to dismiss the superseding indictment. As set forth below, the United States respectfully asks the Court to deny Frith's motion.

## I. Background

On October 28, 2026, a federal grand jury in the Southern District of Alabama charged Frith in a superseding indictment with one count of transmitting interstate threatening communications in violation of 18 U.S.C. § 875(c). [Doc. 26]. The indictment states:

> On or about September 20, 2026, in the Southern District of Alabama, the defendant, EDWARD LEE FRITH, knowingly and willfully transmitted in interstate and foreign commerce a communication, to-wit: verbal statements via Epic Games, and the communication contained a threat to injure members of the Federal Bureau of Investigation and law enforcement. Specifically, the defendant stated:
>
> - "Yeah, I'm pretty sure that if I did get if I did get arrested for something like that, I'd fucking I'd probably end up killing the cop killing a cop, and then I'd kill myself"
>
> - "Let's see if the FBI is going to show up at my door because I'll shoot them motherfuckers too"

- "so one day I'm going to turn into that person just like the people you see on the fucking videos on YouTube where they fucking run up to the police officer and they have no reason to at all and then they make the police kill them I'm gonna be that guy"

In violation of Title 18, United States Code, Section 875(c).

[*Id.*, PageID.68—69].

## II. Discussion

### A. Requirements of Indictment

According to the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). An indictment must include "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id.* As the Eleventh Circuit has held, an indictment "is sufficient when it '(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Wayerski*, 624 F.3d 1342, 1349 (11th Cir. 2010) (quoting *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002)). An indictment generally passes muster if it identifies the statute behind the charge, sets out the essential elements of the crime by tracking the statute, and the "facts alleged in the indictment permit an inference that the grand jury found probable cause[.]" *Id.* at 1349–50. "Simplicity is acceptable; an indictment is constitutionally sufficient when it 'tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *United States v. Doak*, 47 F.4th 1340, 1351–52 (11th Cir. 2022) (quoting *Wayerski*, 624 F.3d at 1350).

**B. Standard of Review**

The Eleventh Circuit applies a "practical, rather than technical," test to determine whether the underlying purposes behind the indictment are served. *United States v. Stefan*, 784 F.2d 1093, 1102 (11th Cir. 1986) (upholding indictment that "did not track" language of cited statute but nevertheless gave defendant "adequate notice of the charges against him"). Trial courts are to evaluate a challenge to the sufficiency of an indictment from the document alone and must not engage in a summary judgment-type pretrial determination of the sufficiency of the evidence:

> By now it has become well-established that [t]he sufficiency of a criminal indictment is determined from its face. For an indictment to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet. An indictment not framed to apprise the defendant with reasonable certainty, of the nature of the accusation against him is defective, although it may follow the language of the statute. Furthermore, if the indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.
>
> In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes. It is well-settled that a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.

*United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (alterations and emphases in original) (citations omitted).

**C. Elements of Offense**

Frith's superseding indictment asserts a violation of 18 U.S.C. § 875(c), which provides in relevant part as follows: "Whoever transmits in interstate or foreign commerce any communication containing . . . any threat to injure the person of another, shall be fined under this title or imprisoned not more than five years, or both." The elements of the offense are: (1) the defendant knowingly

sent a message in interstate commerce containing a true threat to injure the person of another; and (2) the defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat. Pattern Crim. Jury Instr. 11th Cir. OI O30.3 (Oct. 2026). The Supreme Court's recent decision in *Counterman v. Colorado* also indicates that a *mens rea* of recklessness would suffice. 600 U.S. 66, 79–82 (2023).

## III. Argument

### A. The superseding indictment satisfies Federal Rule of Criminal Procedure 7(c).

The superseding indictment meets all legal and statutory requirements. The document adequately alleges a violation of law and outlines how and when Frith transmitted threatening communications in interstate commerce to injure law enforcement and members of the Federal Bureau of Investigation. A plain reading of the superseding indictment shows that it tracks the language of the cited statute, 18 U.S.C. § 875(c), and that its allegations satisfy the elements of the offense set forth in the Eleventh Circuit's pattern criminal jury instructions. The superseding indictment alleges that Frith "knowingly and willfully transmitted . . . a communication" in the form of verbal statements via Epic Games that "contained a threat to injure members of the Federal Bureau of Investigation and law enforcement." [Doc. 26, PageID.68]. Frith's intent is further inferable from his statements, which are quoted in the superseding indictment. *See, e.g.*, *id.*, PageID.68 ("Let's see if the FBI is going to show up at my door because I'll shoot them motherfuckers too").

Frith's superseding indictment is facially valid, as the Supreme Court has noted that an indictment "need not specifically allege" every "component par[t] of the offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 107–08 & n.4 (2007). That maxim holds true in cases involving

alleged violations of Section 875(c). *See, e.g.*, *United States v. Khan*, 937 F.3d 1042, 1049–50 (7th Cir. 2019) ("This indictment did not explicitly accuse [defendant] of intending to send a threat, or allege that he knew the posts would be viewed as threats. . . . An implicit allegation of an element of a crime is enough; the indictment need not specifically allege every component part of the offense."); *United States v. Baker*, 2018 WL 5074682, at *3 (N.D. Ga. Sept. 6, 2018) (holding that allegations in indictment charging violation of Section 875(c) "unambiguously show[ed] intent" where indictment "describe[d] the threatening content of the communication"), *report and recommendation adopted*, 2018 WL 5044650 (N.D. Ga. Oct. 17, 2018) (rejecting motion to dismiss that "ask[ed] the Court to look to the veracity and sufficiency of the evidence as opposed to the sufficiency of the language of the indictment"); *cf. United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015) ("The indictment fails to allege [defendant's] *mens rea* or facts from which her intent can be inferred, with regard to the threatening nature of her e-mail.").

**B. Frith does not have a First Amendment right to make a true threat.**

The Supreme Court has repeatedly upheld the constitutionality of Section 875(c). *See Elonis v. United States*, 575 U.S. 723, 746 (2015) (Alito, J., concurring in part) ("It is settled that the Constitution does not protect true threats." (collecting cases)); *Virginia v. Black*, 538 U.S. 343, 359 (2003) ("'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."); *Watts v. United States*, 394 U.S. 705, 707 (1969) (per curiam) ("[A] threat must be distinguished from what is constitutionally protected speech."). Hence, based on the allegations contained in the superseding indictment, the grand jury was well within its powers to charge Frith, who allegedly violated a constitutional federal criminal statute.

**C. The law prohibits Frith from having a fulsome judicial review of the superseding indictment's allegations prior to trial.**

Frith mistakenly asserts that his indictment is fatally deficient because it lacks "context." *See, e.g.,* Doc. 29, PageID.78 ("The Frith superseding indictment does not give the context within which the alleged statements were made."). The superseding indictment, which quotes Frith's threatening communications in detail, contains ample information for Frith to understand the grand jury's charge. Moreover, Frith has received additional information in discovery from the United States; he knows well what evidence the United States has regarding his mental state and the nature of his threatening communications—a question that is for a jury to decide. *United States v. Hussaini*, 2022 WL 138474, at *8 (S.D. Fla. Jan. 14, 2022) ("[T]he question of whether a statement constitutes a 'true threat' has almost always been reserved for the jury.").

The law is clear: judicial scrutiny of an indictment beyond its four corners is not appropriate at this pretrial stage in the proceedings. *See Sharpe*, 438 F.3d at 1263 (reversing district court's dismissal of indictment where court "considered the overall sufficiency of the evidence presented by the government at trial"); *United States v. Burger*, 170 F.4th 395 (5th Cir. 2026) (holding that question of whether statements made by defendant while engaged in role-playing online video game would lead reasonable player to believe that he was role-playing rather than expressing sincere intent to commit violence involved factual dispute that could not be resolved by district court on motion to dismiss indictment); *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) ("Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial."); *United States v. Cadillac Overall*

*Supply Co.*, 568 F.2d 1078, 1082 (5th Cir. 1978) ("It must be remembered that in testing the sufficiency of an indictment, a court must not pierce the pleadings and make a premature resolution of the merits of the allegations.").[1] Frith wants to debate the merits of the grand jury's allegations now, but that debate is premature. The correct forum for that debate is his trial.

The "context" that Frith posits is missing from the indictment consists of facts that are squarely for the jury to consider and have no bearing on the sufficiency of the charging instrument. *See United States v. Parr*, 545 F.3d 491, 497 (7th Cir. 2008) ("We think it readily apparent that [defendant's] statements were threats, but ultimately that question was for the jury."); *Trucks, Inc. v. United States*, 234 F.3d 1340, 1343 (11th Cir. 2000) ("[Q]uestions of reasonableness and state of mind are proper questions for the jury and should not be decided on summary judgment . . . ."); *United States v. Viefhaus*, 168 F.3d 392, 397 (10th Cir. 1999) ("We consistently have held that whether a defendant's statement is a true threat or mere political speech is a question for the jury."); *United States v. Kosma*, 951 F.2d 549, 555 (3d Cir. 1991) ("Whether a speaker's language constitutes a threat is a matter to be decided by the trier of fact."); *United States v. Callahan*, 702 F.2d 964, 965 (11th Cir. 1983) (rejecting argument that threatening letter was "political hyperbole," framing question as "whether there was sufficient evidence [at trial] to prove beyond a reasonable doubt that the defendant intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm upon or to take the life of the persons named in the statute," and noting that "[t]he government is not required to prove an actual intent to carry out the threat").

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The superseding indictment satisfies its purposes: it informs Frith of the charge, allows him to mount a defense, and would permit him to assert double jeopardy in a subsequent proceeding. The United States intends to offer relevant evidence at trial in support of the superseding indictment. *Smith v. Meese*, 821 F.2d 1484, 1491 (11th Cir. 1987) ("The prosecutorial function, and the discretion that accompanies it, is thus committed by the Constitution to the executive . . . ."); *United States v. Hawkins*, 2012 WL 3627826, at *1 (N.D. Ala. Aug. 10, 2012) ("The Constitution of the United States charges the Executive Branch of government with the responsibility for investigating and prosecuting crime. Judicial deference to the prosecutorial function and its attendant discretion in deciding who, when, where, and how to prosecute is founded upon the constitutional separation of powers."), *report and recommendation adopted*, 2012 WL 3627789 (N.D. Ala. Aug. 21, 2012). It is for the jury, as factfinder, to decide whether that evidence merits a guilty verdict.

## IV. Conclusion

The United States respectfully asks the Court to deny Frith's motion. The superseding indictment is sufficient as written.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: */s/ Lauren H. Walsh*
Lauren H. Walsh
Assistant United States Attorney
United States Attorney's Office
11 North Water Street, Suite 30100
Mobile, AL 36602
Phone: (251) 441-5845

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for the defendant.

*/s/ Lauren H. Walsh*
Lauren H. Walsh
Assistant United States Attorney