UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 26-169-KD |
| | ) | |
| EDWARD LEE FRITH, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO USA RESPONSE TO MOTION TO DISMISS

This is the Defendant's reply to the government's response (doc. 37) to Defendant's motion to dismiss the superseding indictment (doc. 29) which violates the Defendant's First Amendment right to free speech and fails to state an offense under Rule 12(b)(B)(v) *Fed. R. Crim. P.*

The government argues in response that an indictment "generally passes muster if it identifies the statute behind the charge, sets out the essential elements of the crime by tracking the statute, and the 'facts alleged in the indictment permit an inference that the grand jury found probable cause[.]'"(doc. 37 PageID#87) While generally true, this proposition does not apply to an indictment alleging an 18 U.S.C. §875(c) violation. This is because the "tracked" statute, §875(c), does not define the word "threat," and when the word threat is given its broad common meaning, the statute criminalizes both constitutionally protected speech as well as unprotected speech. A statute which criminalizes pure speech, "must be

interpreted with the commands of the First Amendment clearly in mind." *Watts v. United States*, 394 U.S. 705, 707 (1969)

The Supreme Court has narrowed the common understanding of the word "threat" used in §875(c) to mean only a "true threat." As a term of art, "[t]rue threats encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003) (citing *Watts*, 394 U.S. at 708). The court explained in *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) that the word true in "true threat" distinguishes serious expressions of intent to harm "from jests, 'hyperbole,' or other statements that when *taken in context* do not convey a real possibility that violence will follow (say, 'I am going to kill you for showing up late')" (citing *Watts*, 394 U.S. at 708)(emphasis supplied). Context is critical to determining whether a statement is a "true threat." The superseding indictment provides none.

The government argues in response that a "plain reading of the superseding indictment shows that it tracks the language of … §875(c), and that its allegations satisfy the elements of the offense set forth in the Eleventh Circuit's pattern criminal jury instructions." (doc. 37 #89) The government quotes a portion of Eleventh Circuit Pattern Jury Instruction O30.3 for the elements of §875(c) but omits its narrowing definition of what constitutes a "true threat." The omitted

instruction clarifies that a true threat is "a serious threat –not idle talk, a careless remark, or something said jokingly – that is *made under circumstances* that would place a reasonable person in fear of being injured." O30.3 (cleaned up) The full pattern instruction confines the statute's reach to only "… *serious* expressions conveying that a speaker *means to commit* an act of unlawful violence." *Counterman*, 600 U.S. at 74 (emphasis supplied)

Since a "true threat," as defined by the courts, is an essential element of a §875(c) it must be alleged in the indictment. The face of an indictment charging a §875(c) violation must provide sufficient factual information – the circumstances or context in which the statement is made – to show that the statement is a 'true threat' falling outside of First Amendment the protection. The Supreme Court has recognized that "there are crimes that must be charged with greater specificity." *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). Two Circuits have determined that §875(c) is the type of crime that may require additional context and specificity. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001); *United States v. Stock*, 728 F.3d 287, 301 (3d Cir. 2013).

The defendant does not quarrel with the government's assertion that it is a jury question whether Frith's statements are "true threats." But that is not issue raised by the instant motion. The question now before the court is whether the superseding indictment, within its four corners, alleges the judicially construed

"true threat" element of §875(c). The motion to dismiss should be granted because the superseding indictment does not allege, even in cursory form, the factual context or circumstances which would place Firth's statements in the constitutionally unprotect subset of 'true threat" speech.

/s/ Arthur J. Madden, III
Arthur J. Madden, III
MADDA0656
Attorney for Defendant
465 Dauphin Street
Mobile, Alabama 36602
(251) 432-0380

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to AUSA Lauren Walsh.

/s/ Arthur J. Madden, III