**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 26-00169-KD-N** |
| | ) | |
| **EDWARD LEE FRITH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Defendant Edward Lee Frith's Motion to Dismiss (Doc. 29), to which the United States has responded (Doc. 37) and Frith has replied (Doc. 39). Upon consideration, for the reasons stated below, the Motion is **DENIED**.

## I. BACKGROUND

The Superseding Indictment against Frith charges:

> On or about September 20, 2026, in the Southern District of Alabama, the defendant . . . knowingly and willfully transmitted in interstate and foreign commerce a communication, to-wit: verbal statements via Epic Games, and the communication contained a threat to injure members of the Federal Bureau of Investigation and law enforcement. Specifically, the defendant stated:
>
> - "Yeah, I'm pretty sure that if I did get if I did get arrested for something like that, I'd fucking I'd probably end up killing the cop killing a cop, and then I'd kill myself"
> - "Let's see if the FBI is going to show up at my door because I'll shoot them motherfuckers too"
> - "So one day I'm going to turn into that person just like the people you see on the fucking videos on YouTube where they fucking run up to the police officer and they have no reason to at all and they make the police kill them I'm gonna be that guy"
>
> In violation of Title 18, United States Code, Section 875(c).

(Doc. 26 at 1–2).

## II. STANDARD OF REVIEW

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Eleventh Circuit "deem[s] an indictment sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998). "If an indictment specifically refers to the statute on which the charge was based, [it] adequately informs the defendant of the charge"; and "if the facts alleged in the indictment warrant an inference that the jury found probable cause to support all the necessary elements of the charge, the indictment is not fatally deficient." United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998).

"Under Fed. R. Crim. P. 12(b), an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial." United States v. Torkington, 812 F.2d 1347, 1354 (11th Cir. 1987). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crime[]." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). When "the factual allegations in the indictment, when viewed in the light most favorable to the government, [a]re sufficient to charge the offense as a matter of law," a district court may not dismiss the indictment. Torkington, 812 F.2d at 1354.

## III. DISCUSSION

Frith argues that "[a] threat is not a[n] element [of 18 U.S.C. § 875(c)]—a true threat is." (Doc. 29 at 3). And Frith is right: The Supreme Court has commanded that "a statute such as this

one, which makes criminal a form of pure speech, must be interpreted with the commands of the First Amendment clearly in mind. What is a threat must be distinguished from what is constitutionally protected speech." Watts v. United States, 394 U.S. 705, 707 (1969). "True threats are serious expressions conveying that a speaker means to commit an act of unlawful violence. . . . The existence of a threat depends not on the mental state of the author, but on what the statement conveys." Counterman v. Colorado, 600 U.S. 66, 74 (2023) (cleaned up).

In Watts, the defendant was speaking to the other members of a small discussion group during a political rally opposing police brutality when one member "suggested that the young people present should get more education before expressing their views." Watts, 394 U.S. at 706. The defendant responded:

> They always holler at us to get an education. And now I have already received my draft classification as 1-A and I have got to report for my physical this Monday coming. I am not going. If they ever make me carry a rifle the first man I want to get in my sights is L.B.J. They are not going to make me kill my black brothers.

Id. After the defendant said that, he and the group laughed. Id. at 707.

After that evidence had been presented to the jury at trial, the defendant "moved for a judgment of acquittal[,] contend[ing] that there was 'absolutely no evidence on the basis of which the jury would be entitled to find that [the defendant] made a threat against the life of the President.'" Id. at 706. He also "stressed the fact [his] statement was made during a political debate [and] that it was expressly made conditional upon an event—induction into the Armed Forces—which [he] vowed would never occur." Id. at 707. On appeal, the Supreme Court "h[e]ld that the trial judge erred in denying this motion." Id. The Supreme Court explained:

> We do not believe that the kind of political hyperbole indulged in by petitioner fits within that statutory term. For we must interpret the language Congress chose "against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on

> government and public officials." The language of the political arena . . . is often vituperative, abusive, and inexact. We agree with petitioner that his only offense here was "a kind of very crude offensive method of stating a political opposition to the President." Taken in context, and regarding the expressly conditional nature of the statement and the reaction of the listeners, we do not see how it could be interpreted otherwise.

Id. at 708 (citations omitted).

Frith argues that his statements are indistinguishable from the defendant's statements in Watts because they "are vague, hypothetical, conditional[,] and preposterous." (Doc. 29 at 4). Furthermore, Frith emphasizes that he made those statements while "playing Fortnite[,] a popular Epic Games fantasy on-line survival game in which players communicate with each other and use weapons to fight off zombie-like creatures." Id. at 4 n.1.

But Watts does not support dismissal. Watts was decided after a jury heard the full breadth of the evidence at trial; the district court did not dispose of the case on a pretrial motion to dismiss, as Frith urges this Court to do. A defendant may contend that he made "a conditional statement that was nothing more than political hyperbole," but "[t]he question is whether there [i]s sufficient evidence to prove beyond a reasonable doubt that [he] intentionally made the statement under such circumstances that a reasonable person would construe them as a serious expression of an intention to inflict bodily harm upon or to take the life of [law enforcement officers]." United States v. Callahan, 702 F.2d 964, 965 (11th Cir. 1983). That is not a question amenable to resolution on a pretrial motion to dismiss. "It's thus unsurprising that the question of whether a statement constitutes a 'true threat' has almost always been reserved for the jury." United States v. Hussaini, No. 19-cr-60387, 2022 WL 138474, at *8 (S.D. Fla. Jan. 14, 2022) (collecting cases).

Although Frith agrees "that it is a jury question whether [his] statements are 'true threats,'" he argues that the indictment must be dismissed because it "does not allege, even in cursory form, the factual context or circumstances which would place F[ri]th's statements in the constitutionally

unprotect[ed] subset of 'true threat' speech." (Doc. 39 at 3–4). But that argument is without merit for the reasons stated in the United States' response, which is adopted as the reasoning of the Court. (See Doc. 37 at 4–8). The indictment contains sufficient factual allegations to charge Frith with the offense of making interstate threatening communications.

**CONCLUSION**

Accordingly, the Motion to Dismiss (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** this the **20th** day of **November 2026**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**